# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-3863

———————

Garney Companies, Inc.,
a Missouri Corporation,

              Appellant,

    v.

City of Kansas City, Missouri,

              Appellee.

\* \* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Western District of Missouri.

———————

Submitted: February 14, 2000
Filed: March 29, 2000

———————

Before WOLLMAN, Chief Judge, BOWMAN, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

———————

BOWMAN, Circuit Judge.

Garney Companies, Inc., brought this action for an injunction, alleging that Kansas City's waiver of its minority and women business enterprise (MBE/WBE) requirements in the bidding process for a construction contract violated federal and state law. Kansas City's MBE/WBE program sets goals for participation in City contracts by firms owned and controlled by minorities and women. The program requires that bidders either meet these goals or provide evidence of "best faith efforts" to achieve the goals. Kansas City, Mo., Code of Ordinances § 38-85(3).

Notwithstanding these program requirements, the City Council may waive the MBE/WBE requirements and "award a City contract to a lowest and best bidder or a best proposer if the Council determines it is in the best interests of the City." Id. § 38-91(2).

In a May 1999 bid on a Water Services Department contract, Garney was the lowest bidder to satisfy the MBE/WBE goals. Nevertheless, the City awarded the contract to Darnaby Construction, which failed to meet the goals and failed to provide evidence of best efforts to meet the goals. Because Darnaby's bid was approximately $1.7 million lower than Garney's, the City Council waived the MBE/WBE program requirements for the contract.

Garney sought injunctive relief under state law[1] and federal law. Garney's federal theories were that (1) the bidding process violated Garney's due process rights and (2) the waiver ordinance is unconstitutionally vague. The District Court,[2] relying on Hanten v. School District of Riverview Gardens, 183 F.3d 799 (8th Cir. 1999), disposed of the due process claim on the ground that under Missouri law an unsuccessful bidder does not have a property interest in either the contract or a fair bidding process. On the vagueness claim, the District Court concluded that Garney could not make the required showing that the waiver ordinance would be unconstitutionally vague in every application because the standard embodied in the ordinance—"in the best interests of the City"—was so clearly met in this case where

---

[1] Garney later waived this claim.

[2] The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

the City saved approximately $1.7 million by waiving the MBE/WBE requirements and accepting the lower bid.[3]

On appeal, Garney raises essentially the same arguments that were before the District Court. We conclude that Garney's claims are meritless and affirm on the basis of the District Court's well-reasoned opinion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3] We need not, and do not, decide whether the waiver ordinance is the kind of law that can be challenged as void for vagueness.